

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 3:98-CV-2689-X |
| FUNDING RESOURCE GROUP, a/k/a FRG TRUST, et al, | § § § | |
| Defendants. | § § | |

### ORDER FINDING B. DAVID GILLILAND IN CONTEMPT OF COURT

BE IT REMEMBERED, that at 2:00 p.m. on the 17th day of May, 1999, a hearing was held on the Motion[1] of Michael J. Quilling, the court appointed receiver in the above captioned cause (hereinafter the "Receiver"), for B. David Gilliland, Hammersmith Trust, L.L.C., a Tennessee limited liability company, and Hammersmith Trust, Ltd., an Irish corporation, to appear before this Court to show cause, if any there be, why they should not be held in contempt, and/or have sanctions entered against them, for violating the terms of the Agreed Order Modifying and Abating Orders of January 21, 1999, and March 11, 1999, Freezing Assets and Appointing Temporary Receiver, entered by this Court on March 26, 1999 (the "Agreed Modification Order"). Before the Court are the Receiver's Motion for Show Cause Order, filed April 21, 1999, the Response and Brief in Opposition to Motion for Show Cause Order, filed on May 11, 1999 by Mr. Gilliland's counsel on behalf of Mr. Gilliland, Hammersmith Trust, L.L.C., and Hammersmith

---

[1] The Receiver's Motion, styled "Motion for Show Cause Order and Brief in Support" was filed on April 21, 1999. By Order of this Court, dated April 26, 1999, B. David Gilliland, Hammersmith Trust, L.L.C., and Hammersmith Trust, Ltd. were ordered to appear in person before this Court to show cause at 2:00 p.m. on May 17, 1999.

Trust, Ltd., and the Receiver's Reply to Hammersmith's Response to Motion for Show Cause Order, filed May 17, 1999. Also before the Court are the various declarations filed in support of said pleadings.

Appearing at the hearing were the Receiver, by and through his counsel of record, the Securities and Exchange Commission, by and through its counsel of record, and B. David Gilliland, in person, and as agent for Hammersmith Trust, L.L.C. and Hammersmith Trust, Ltd., together with his various counsel of record.

## **FINDINGS OF FACT**

The Court, having considered the record as a whole and presentation of counsel at the hearing, makes the following findings of fact based upon clear and convincing evidence:

1. On March 26, 1999, the Court entered the Agreed Modification Order.

2. The Agreed Modification Order required *inter alia*:

"1. The Affected Parties shall pay to the Receiver, the total sum of Two million seven hundred forty five thousand dollars ($2,745,000.00) as follows:

(a) Eight hundred fifty thousand dollars ($850,000.00) shall be paid, by wire transfer to: Mellon Bank Pittsburgh, Pa., ABA Routing #043000261, for credit to: Merrill Lynch Account #101-1730, for further credit to Michael J. Quilling, Receiver, Account #540-07229 (the "Receiver's Account"), to be *received* therein, not later than 3:00 p.m. CST, on March 29, 1999, or at such time as agreed in writing between the Receiver and the Affected Parties. Before 3:00 p.m., CST on March 29, 1999, or at such time as agreed in writing between the Receiver and the Affected Parties, the Affected Parties shall identify to the Receiver, funds of $1,395,000.00 U.S.D., by account number and location (the "Account"). The Account shall remain frozen pursuant to the Freeze Order until $1,395,000.00 U.S.D. is transferred to the Receiver's Account.

(b) One million three hundred ninety-five thousand dollars ($1,395,000.00) shall be paid, by wire transfer to the Receiver's Account, to be *received* therein, not later than 3:00 p.m. CST, on April 19, 1999."

3. B. David Gilliland, Hammersmith Trust, L.L.C., and Hammersmith Trust, Ltd. are "Affected Parties" as defined under the Agreed Modification Order and were the Affected Parties charged with making the payments under the Agreed Modification Order.

4. B. David Gilliland is the agent for Hammersmith Trust, L.L.C., and Hammersmith Trust, Ltd.

5. B. David Gilliland, Hammersmith Trust, L.L.C., and Hammersmith Trust, Ltd. have made payments pursuant to the Agreed Modification Order in the total amount of $1,050,000.00.

6. B. David Gilliland, Hammersmith Trust, L.L.C., and Hammersmith Trust, Ltd. have failed to make all of the payments as required under the Agreed Modification Order, and $1,695,000.00 remains past due and unpaid.

7. B. David Gilliland, Hammersmith Trust, L.L.C., and Hammersmith Trust, Ltd., despite having knowledge of the contents and requirements of the Agreed Modification Order, have failed to show cause why they should not be held in contempt.

Based upon the foregoing findings of fact, the Court reaches the following:

## CONCLUSIONS OF LAW

1. A knowing violation of the Agreed Modification Order is contempt of this Court.

2. A limited liability company and a corporation can only act through its agents.

3. B. David Gilliland, Hammersmith Trust, L.L.C., and Hammersmith Trust, Ltd. are in contempt of the Agreed Modification Order.

4. A court of the United States is entitled to coerce compliance with its order by incarceration, by monetary sanctions, and by an award of reasonable expenses, including attorney's fees, to the adverse party.

## OPPORTUNITY TO PURGE CONTEMPT

At the hearing, oral assurances were made to the Court, by Mr. Gilliland, through his counsel, that Mr. Gilliland could purge himself of said contempt within forty-five (45) days of the date of the hearing. Accordingly, the Court has determined that Mr. Gilliland shall have until July 2, 1999 to purge himself of said contempt by paying to the Receiver the remaining unpaid sum of One Million six hundred ninety-five thousand dollars and no cents ($1,695,000.00) on or before 3:00 p.m., central time, on July 2, 1999, in United States Dollars, by wire transfer to the Receiver's Account: Mellon Bank Pittsburgh, Pa., ABA Routing #043000261, for credit to: Merrill Lynch Account #101-1730, for further credit to Michael J. Quilling, Receiver, Account #540-07229.

In the event that the One Million six hundred ninety-five thousand dollars and no cents ($1,695,000.00) remaining to be paid pursuant to the Agreed Modification Order has not been paid to the Receiver on or before 3:00 p.m., central time, on July 2, 1999, it is FURTHER ORDERED that the United States marshal shall take Mr. Gilliland, individually, and as agent for Hammersmith Trust, L.L.C. and Hammersmith Trust, Ltd., into custody and hold him there until this Court determines that the remaining $1,695,000.00 ordered to be paid to the Receiver under the Agreed Modification Order has in fact been paid to the Receiver. The United States marshal is hereby authorized to take Mr. Gilliland into custody upon receipt by the United States marshal of a sworn declaration from the Receiver which states that the remaining $1,695,000.00 ordered to be paid to the Receiver under the Agreed Modification Order has not been paid to the Receiver on or before 3:00 p.m., central time, on July 2, 1999. However, any such sworn declaration cannot be presented to the United States marshal by the Receiver until 3:01 p.m., central time, on July 2, 1999 at the earliest. A copy of any such sworn declaration presented to the United States

marshal by the Receiver must also be promptly filed with this Court. Of course, if the remaining $1,695,000.00 ordered to be paid to the Receiver under the Agreed Modification Order is in fact paid to the Receiver on or before 3:00 p.m., central time, on July 2, 1999, Mr. Gilliland will have purged himself of contempt.

All other relief sought by the Receiver in his Motion for Show Cause Order is denied at this time, without prejudice to being reurged in the future should the remaining $1,695,000.00 ordered to be paid to the Receiver under the Agreed Modification Order not be paid to the Receiver on or before 3:00 p.m., central time, on July 2, 1999.

SO ORDERED this 24th day of May, 1999.

*Joe Kendall*
Joe Kendall
U.S. District Judge